IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PRESIDENT AND FELLOWS OF HARVARD COLLEGE; and MASSACHUSETTS INSTITUTE OF TECHNOLOGY, | CIVIL ACTION<br><br>No. 1:20-cv-11283-ADB |
| Plaintiffs, | |
| v. | |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; CHAD F. WOLF, in his official capacity as Acting Secretary of the United States Department of Homeland Security; and MATTHEW ALBENCE, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement, | |
| Defendants. | |

**MOTION FOR LEAVE TO FILE BRIEF OF *AMICUS CURIAE* PRINCETON THEOLOGICAL SEMINARY IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTIVE RELIEF**

Princeton Theological Seminary ("PTS"), by and through its undersigned counsel, respectfully moves the Court for leave to file a memorandum of law as *amicus curiae* in support of Plaintiffs' motion for a preliminary injunction. Plaintiffs' motion seeks a temporary order enjoining Defendants from enforcing the July 6, 2016 Directive of the U.S. Immigration and Customs Enforcement ("ICE") (the "July 6 Directive").

*Amicus* PTS is a private, not-for-profit graduate school in Princeton, New Jersey, and the second-oldest seminary in the United States. While a large number of PTS students are candidates for ministry in the Presbyterian Church, the majority of its students are enrolled in other educational programs, including candidature for other religious denominations, cross-disciplinary

1

studies, and training in non-theological fields. Since being founded in 1812, PTS has opened wide the gates of higher education to talented students of all races, creeds, and other diverse backgrounds, including international students from all walks of life. Presently, there are 807 living PTS international alumni from 51 countries. Further, of the approximately 350 students admitted to PTS for the 2019-2020 year, 43 were international students from 14 different countries.

Historically, both PTS as an institution and its entire student roster have benefitted immensely from the school's internationally diverse student body. International students not only meaningfully contribute to the PTS community (both in and outside the classroom), but often also become prominent and valued thought leaders internationally after completing their studies at PTS. The impact these international students make around the world, in turn, greatly bolsters PTS's status with foreign donors, as well as its global standing as a hospitable locus of ecumenical instruction.

For these reasons, PTS is deeply concerned about and impacted by ICE's July 6 Directive, and the proposed *amicus* brief offers PTS's unique perspective on the profound failure of ICE to consider the ramifications of its hastily conceived July 6 Directive, not only on the directly affected students themselves, but also on the affected institutions of higher learning and the communities they serve. The brief illustrates the added importance of international students for institutions such as PTS where theological training is distinctly shaped by the open exchange of ideas by students with different worldviews. While PTS intends to implement a hybrid model of classroom instruction for the upcoming school year, it cannot assure that its foreign students will have sufficient in-person classes to satisfy the July 6 Directive. Those students unable to satisfy the July 6 Directive will be expelled from the United States. Classroom learning is but merely one aspect of a holistic PTS education, and enforcement of the July 6 Directive would irreversibly

SL1 1649362v2 098105.00038

damage PTS's specific plans for in-person community gatherings open to all students, American and international alike, thus depriving PTS, its faculty, and its students of this multi-faceted educational experience.

It is impossible to understate the irreparable damage that the July 6 Directive will have on PTS' worldwide reputation as a welcoming community for the next generation of international leaders. Based on its global standing as a welcoming scholastic institution, PTS has been able to bolster its international educational offerings. The July 6 Directive would irreparably undermine PTS' global standing, wreaking untold havoc on PTS' valued international offerings in both the near and short-term, and further threaten to eviscerate PTS' relationship with its international students in both the present and beyond, that will no doubt embitter future international leaders who otherwise would have been educated at PTS. ICE gave no consideration to these devastating impacts, underscoring the arbitrary and capricious nature of its decision.

The proposed brief of *amicus curiae* is attached hereto as Exhibit A.

Dated: July 13, 2020

Respectfully submitted,

/s/ William W. Fick
FICK & MARX LLP
24 Federal Street, 4th Floor
Boston, MA 02110
857-321-8360 x1001
wfick@fickmarx.com

Hon. Thomas I. Vanaskie (Ret.)*
Geoffrey R. Johnson*
STEVENS & LEE, P.C.
1818 Market Street, 29th Floor
Philadelphia, PA 19103
(215) 568-7560
tiv@stevenslee.com

Bradley L. Mitchell*
Michael A. Cedrone*
STEVENS & LEE
A PA Professional Corporation
Princeton Pike Corporate Center
100 Lenox Drive, Suite 200
Lawrenceville, NJ 08646
(609) 243-9333
blm@stevenslee.com

*Counsel for Amicus Curiae*

*Pro hac vice admission pending*

**CERTIFICATE OF SERVICE**

I, William W. Fick, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and paper copies will be sent to those indicated as non-registered participants on July 13, 2020.

                                                      */s/ William W. Fick*
                                                      William Fick

**CERTIFICATION PURSUANT TO LOCAL RULE 7.1(a)(2)**

I, Thomas I. Vanaskie, hereby certify that I conferred with counsel for Plaintiffs and Defendants, regarding this Motion for Leave to File Brief of *Amicus Curiae* in Support of Plaintiffs' Motion for a Temporary Restraining Order, and have attempted in good faith to resolve or narrow the issue with counsel. Plaintiff's counsel is not opposed to the Court's granting of this Motion. Defendant's counsel takes no position on the Motion.

                                                      */s/ Thomas I. Vanaskie*
                                                     Hon. Thomas I. Vanaskie (Ret.)

# EXHIBIT A

SL1 1649362v2 098105.00038